The first case called for oral argument is Hines v. Fulk. Counsel? Good morning, Your Honor. Good morning. My name is Phil Soder. I'm representing Charles Hines. I'll be pretty brief. This is a pretty straightforward and simple case. The question here, this case was before this court previously, and it was here on appeal, some orders for payment of some fees and for payment of maternity fees. I argued it, as a matter of fact, and we did not prevail. After the decision of the Rule 23 order was issued, the affilee went into the circuit court and asked for an award of attorney's fees for the appeal. The appeal was before this court, which we did not prevail. That order, as a matter of fact, and that request was granted, and the circuit court ordered the payment of the full amount of attorney's fees that was requested by the affilee. So that's where we are. We are now appealing the award of attorney's fees for the affilee in the previous appeal. That's where we are. So the question, then, is whether or not, in reviewing these kinds of things, this is another abuse of discretion, manifest error kind of criteria. Ordinarily, the award of attorney's fees rests in the discretion of the circuit court, as we all know. And so that's the question, whether or not the circuit court here abused his discretion. Our contention is that the circuit judge did abuse his discretion. And there are two ways, really, of thinking about this case. One is, if we just look at whether or not attorney's fees should have been awarded, then it's a question simply of the discretion of the court guided by a variety of factors. One of the factors that should be guiding the discretion of the circuit court is the question of whether the financial necessity for that award, looking at the relative financial status of the parties. If we look at that, it's perfectly clear that the ex-wife here, Della Faux, has significant financial resources. Apparently, her taxes in 2005, the one year that's in the record, showed a gross income of $71,584. That document was submitted by the affilee. So there's no question that she has substantial income and could, as a matter of fact, pay the fees that are in issue here. There's no question about that. There's nothing really in the record as to my client's income. On the other hand, I think the court can take judicial notice that he's no longer an attorney and that he's obviously not generating income from that particular source. So I think if we look at it from that standpoint, the circuit court in its order did not say anything about the relative financial resources of the party. And therein lies the abuse of discretion. The court did not take a look at the relative financial resources of the party. There are substantial resources for the affilee, and therefore, the court abuses discretion. That would be our first approach. It might not be perfectly clear, Mr. Schroeder, but reading between the lines a little bit of Judge Schwartz's order, isn't he awarding attorney's fees based on enforcing the dissolution of marriage? I'm about to get to that. I'm about to get to that, Your Honor. I'm about to get to that. I think the order, by its terms, as Your Honor correctly suggests here, there's reference in there to the failure to pay as, in effect, I think the words here, it's a continuation, as it were, of petitioners' efforts to avoid legal obligations and the like. Okay, and let me just, for background here, in the original proceeding in the trial court, Judge Schwartz found that the failure of Mr. Hines to pay was without cause or justification under 508B and awarded attorney's fees in the trial court. That's correct. Correct. Then you come up on appeal, and when it goes back to Judge Schwartz, he says this was a continuation of the same thing. And, again, reading between the lines, it seems to me like he's saying the appeal was without compelling cause or justification, and he was ordering the fees for the same reason. Does that make sense to you? Yes, I agree with every word you just said there, and that's what I'm about to address. I wanted to make that first argument about relative financial things just because that's part of the relative financial stuff, but I think every word you've said is right. And would you agree that there's no reason for him to make this comparison of the relative financial circumstances if he's going under 508B? I would agree that that is correct. That is correct. So that leads us to the question, then, of whether or not the previous appeal in this case, I think Your Honor has identified it exactly right, whether the previous appeal in this case was frivolous or whether it had merit. And that's what it boils down to. And I think for what it's worth, and I know it's not really part of the record, it can't be, I thought it was a solid appeal. I actually expected, when arguing it, to prevail, and the reason was because in the one case, the judge awarded attorney's fees in the other case. And that's the issue I had expected to prevail on. The rest of it, more debatable. But that issue, I thought, was a solid appeal. In my opinion, offense doesn't matter. But my point is simply to say that I think that particular issue was an issue that was fairly debatable among reasonable jurists. And I think the court, really, in looking at that, whether the purpose of this appeal was to delay and to avoid legal obligations, just legal obligations, or whether it was a meritorious appeal, I think the court has to look at the arguments in that case and at the reason. It can take judicial notice of all that. Let me ask you another question, because I'm pretty sure I was on the panel on the other appeal. And what you just described was not the only issue in that case. You also appealed the original amount that was owed that Judge Schwartz found should have been paid to begin with. Is that right? That's correct. There's no question that that's correct. And the basis of that appeal, I believe you were on that panel. And I think that the basis of that appeal was this offset argument that there was other pending litigation. There was one count that had not been dismissed. There were three counts. Two accounts had been dismissed. But there was the other pending count. It was a malicious prosecution thing. And it was really totally unrelated to the divorce thing. And the argument there was that if my client were successful in that action, that money would offset the other one. That was the argument for not paying that. We ought to just wait for the whole thing to come to a resolution, and the one would offset the other. Now, I agree with you, Your Honor, that that argument was far less compelling than the award of attorney's fees in one case for fees incurred in another case. And I certainly agree with that. I don't have any doubt about that. That was less compelling. But the other argument, I think, was an argument on which reasonable jurists could differ. There's no case law. There's no way it ever came down to Rule 23. So there's still no case law. There wasn't any on the court side and any that I could find as to whether a court could award in one case fees incurred in another. So my point there simply is that I think Your Honor has identified exactly what it is. The question was, did that appeal have any merit, or was that simply a delay tactic that would justify the award of fees? And I would suggest again that a look at the record, and I think the court can take judicial notice of everything that was filed in that, and reopen it in that sense to look at it and say, was this something that was something to debate among reasonable jurists? Did the appellant have a chance in that case? And I think the answer is, if the appellant had a reasonable chance, then he shouldn't be penalized for litigating an issue that was, as a matter of fact, fairly litigable. Well, but after losing in the trial court, Hines didn't pay the money he owed and then only come up on appeal on the issue of the attorney's fees awarded for the LM case. He came up on all of them. I agree, Your Honor. So when Judge Schwartz says, you know, this appeal was a continuation of this enforcement action to collect the money that was owed, he's right, isn't he? Well, I hate to say it, but he's right, but I certainly understand how Your Honor can see it. Okay, all right. I understand that. And that may say to us here that maybe the fees incurred in the appeal by the appellee ought to be some effort. They ought to be divided 50-50. Maybe part of the order could stand because it could be characterized in the way you say. But the one that was debatable, the award of fees in one case as against another case, that was more debatable. And there, he shouldn't be penalized for taking that aspect of it up on appeal. So that would be my argument, Your Honor, that the court can take judicial notice of all these materials, look and say at least that one issue was fairly debatable, and that was, as a matter of fact, an issue where he shouldn't be penalized for taking it in front of the court and seeing what the legal ruling would be on that narrow issue. Thank you. Okay, thank you. Thank you, Counsel. Counsel? Good morning, Your Honor. Please support the counsel. One of these cases that's gone on too long already we would submit, and it would say to the court that what's really wrong with this case is just that, that it's still going on. The facts of this case, down to the core, are this. By virtue of the judgment of dissolution of marriage, it was determined that it was $6,500 owed. The litigation seeking to avoid that, which was unsuccessful, and the trial court found, as Your Honor has pointed out, was not justifiable defense. It cost $5,009 for Delfort to defend that action. To defend the appeal of that action cost her $6,326. What has happened here in this case is that the plaintiff owed her $6,501. He has made her spend $11,335 to get it, not counting what she has to spend to defend this appeal. That's the graven of the case right there. Counsel, I believe, is incorrect in asserting that the issue in front of this court is whether the last appeal was frivolous. It's not the issue, I don't believe. I believe the issue in this case is set forth in two cases, the marriage of Kent and the marriage of Sanda. Both cited in the brief on page four. When a court determines that a party has failed to comply with a court order without cause or justification, the court must determine whether the corollary proceeding was brought to enforce a dissolution order, and if so, award costs and reasonable attorney's fees to the prevailing party. That's what those cases stand for. The Kent case, as the court knows, was the bankruptcy proceeding. In this case, that's exactly what the trial court has done. The trial court looked at it. It said that appeal was a continuation of the Delta folks' efforts to enforce the original judgment. It was necessary for her to do that, to enforce the judgment. It was necessary that she spend the attorney's fees to enforce that judgment, and that the amount of those fees were reasonable. That's exactly what the trial court found. That's exactly what Kent and Sanda direct the trial court to do in that situation. It is not a question whether there may have been some issue in that appeal that arguably presented an interesting point of law that may have resulted in an overturn. That's not the question. The question is whether the trial court's finding that that appeal defense was necessary to enforce the judgment was a finding that is contrary to the manifest way to the evidence. I believe that's the standard this court has to actually look at. The court has no records. The court really has nothing presented by the petitioner to either support the obligation to demonstrate justifiableness in the original proceeding or to show that the trial court was wrong in determining that this was a continuation of the enforcement effort. I would submit to the court that if the trial court doesn't continue to award these fees in a case like this, and if this appellate court doesn't continue to affirm those rulings, then the petitioner will have ultimately succeeded in making her spend the money to get it. If she doesn't get paid her attorney's fees all the way up until the time he quits, the last round of attorney's fees will cost her what she was owed in the start. But under 508B, I mean, the trial court still has to find that the failure to comply was without compiling cause or justification. That's correct, Your Honor. And we have to find that that was not an abuse of discretion. Not in this case, Your Honor. And that was done in the last case. This case, that is not the issue. The trial court did find that, as counsel acknowledges. The trial court found that. This court affirmed that finding. In this case, it's only a question of whether or not the trial court's finding that this is a continuation of the effort to enforce was an abuse of the trial court's discretion based upon the facts in the record. And the petitioner has submitted no record to show that to this court. Thank you, counsel. Counsel? If this is nothing but a continuation of the effort to enforce, then I would say the trial judge has to make some findings about the relative ability of the parties to pay. No such finding was made. And I think that would be the abuse of discretion, the fact that there was no such finding, if that, in fact, was the question. If the question is, as I put it, then the question is whether the previous appeal was frivolous, whether it had no chance whatever of success. I would suggest that it did have a chance of success. And counsel has just conceded that he makes the argument that isn't the issue. If that's not the issue, then the relative ability of the parties to pay is the issue, and that wasn't addressed. Thank you. Thank you, counsel. We appreciate the briefs and arguments of counsel. We'll take the case under advisement.